UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
2500 Tulare Street
Fresno, CA 93721

Clerk, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

RE:          CHARLES E. DAVIS JR. vs.  B. CURRY
USDC No.:    1:08–CV–00107–LJO–TAG

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated
February 14, 2008 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 4.**

Documents maintained electronically by the district court are accessible through
PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please <u>acknowledge</u> receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

February 14, 2008          /s/ E. Flores

                           Deputy Clerk

RECEIVED BY:               Helen L. Abracosa

                           Please Print Name

DATE RECEIVED:             FEB 2 5 2008

NEW CASE
NUMBER:        CV 08        1127

MHP
(PR)

E filing

1   hereby attest and certify on 2|14|08
    that the foregoing document is a full, true
2   and correct copy of the original on file in my
    office and in my legal custody.
3         VICTORIA C. MINOR
      CLERK, U.S. DISTRICT COURT
4   EASTERN DISTRICT OF CALIFORNIA
                              Deputy
5   By_____

                    IN THE UNITED STATES DISTRICT COURT

6             FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   CHARLES E. DAVIS, JR.,                    1:08-cv-00107 LJO TAG (HC)

9           Petitioner,

10  vs.                                **ORDER TRANSFERRING CASE TO THE
                                        NORTHERN DISTRICT OF CALIFORNIA**
11  B. CURRY, Warden,

12          Respondent.

13  _____/

14          Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28

15  U.S.C. § 2254, in which he challenges a decision reached by the Board of Prison Terms regarding his

16  suitability for parole.  Petitioner has paid the $5.00 filing fee for this action.

17          The federal venue statute requires that a civil action, other than one based on diversity

18  jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

19  reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

20  giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

21  is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in

22  which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

23          In a habeas matter, venue is proper in either the district of conviction or the district of

24  confinement. 28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the

25  proper forum in which to review such a claim is the district of confinement.  See Dunn v. Henman,

26  875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to

27  challenge the execution of a sentence is the district where the prisoner is confined.").

28                                      -1-

1    In this case, Petitioner was sentenced in Fresno County Superior Court, which is located

2    within the Eastern District of California. He is currently incarcerated at California Training Facility,

3    in Monterey County, which lies within the Northern District of California. Because the instant

4    petition is premised on events relating to Petitioner's parole proceedings, the Court construes it as a

5    challenge to the execution of Petitioner's sentence, as opposed to an attack on the conviction itself.

6    Thus, this matter should be addressed in the forum where Petitioner is confined. Therefore, the

7    petition should have been filed in the United States District Court for the Northern District of

8    California. In the interest of justice, a federal court may transfer a case filed in the wrong district to

9    the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.

10    1974).

11    Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States

12    District Court for the Northern District of California.

13

14    IT IS SO ORDERED.

15    Dated:  **February 12, 2008**                              **/s/ Theresa A. Goldner**
                                                            UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28                                                -2-

CLOSED, HABEAS

# U.S. District Court
# Eastern District of California - Live System (Fresno)
# CIVIL DOCKET FOR CASE #: 1:08-cv-00107-LJO-TAG
# Internal Use Only

| | |
|---|---|
| (HC) Davis v. Curry | Date Filed: 01/22/2008 |
| Assigned to: District Judge Lawrence J. O'Neill | Date Terminated: 02/14/2008 |
| | Jury Demand: None |
| Referred to: Magistrate Judge Theresa A. Goldner | Nature of Suit: 530 Habeas Corpus (General) |
| Cause: 28:2254 Petition for Writ of Habeas Corpus (State) | Jurisdiction: Federal Question |

## Petitioner

**Charles E. Davis, Jr.**    represented by    **Charles E. Davis, Jr.**
C-84309
CORRECTIONAL
TRAINING FACILITY (686)

P.O. BOX 686
SOLEDAD, CA 93960-0686
PRO SE

I hereby attest and certify on 2/14/08
that the foregoing document is a full, true
and correct copy of the original on file in my
office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By_____ Deputy

V.

## Respondent

**B. Curry**
*Warden*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 02/14/2008 | ❷ 5 | TRANSMITTAL of DOCUMENTS on *2/14/2008* to * Clerk, Northern District of California* *450 Golden Gate Avenue* *San Francisco, CA 94102*. ** *Electronic Documents: 1 to 4. *. (Flores, E) (Entered: 02/14/2008) |
| --- | --- | --- |
| 02/14/2008 | ❷4 | ORDER, CASE TRANSFERRED to District of CA/Northern. Original file, certified copy of transfer order, and docket sheet sent. CASE CLOSED signed by Magistrate Judge Theresa A. Goldner on 02/12/2008. (Flores, E) (Entered: 02/14/2008) |
| 02/12/2008 | ❷ | (Court only) ***STAFF NOTE: Case re-screened. Venue proper in the Northern District of CA. Petitioner is incarcerated at CTF in Soledad, CA and is challenging a parole board decision. Order Transferring Case submitted to TAG/ds. (Arellano, S.) (Entered: 02/12/2008) |
| 02/06/2008 | ❷ | (Court only) ***STAFF NOTE: Case Screened. Pending further review by chambers. (Arellano, S.) (Entered: 02/06/2008) |
| 02/01/2008 | ❷3 | CONSENT to JURISDICTION by US MAGISTRATE JUDGE by Charles E Davis. (Lundstrom, T) (Entered: 02/01/2008) |
| 01/23/2008 | ❷ | SERVICE BY MAIL: 2 Prisoner New Case Documents for LJO served on Charles E Davis. (Lundstrom, T) (Entered: 01/23/2008) |
| 01/23/2008 | ❷2 | PRISONER NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 Consent Forms) (Lundstrom, T) (Entered: 01/23/2008) |
| 01/22/2008 | ❷ | RECEIPT number #CAE100001810 $5.00 fbo Charles E. Davis Jr. C84309 by State of California on 1/22/2008. (Lundstrom, T) (Entered: 01/23/2008) |
| 01/22/2008 | ❷1 | PETITION for WRIT of HABEAS CORPUS by |

Charles E Davis.(Lundstrom, T) (Entered: 01/23/2008)

UNITED STATES COURTS
OFFICE OF THE CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO, CALIFORNIA 93721-1318

OFFICIAL BUSINESS

RECEIVED

FEB 1 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



Hasler

016H16505538

$00.580
02/14/2008
Mailed From 93721
US POSTAGE

94102$3482 C004

FILED

JAN 2 2 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

## United States District Court

| | |
|---|---|
| **District** | EASTERN DISTRICT OF CALIFORNIA |

| Name | | Prisoner No. | Case No. |
|---|---|---|---|
| Charles E. Davis JR. | | C-84309 | FRE 104868-3 |

**Place of Confinement**    California Training Facility, Soledad

08CV107LJO-TAG(HC)

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| CHARLES E. DAVIS JR.          v.     E-filing | B. CURRY (A) WARDEN    new    530 |

**The Attorney General of the State of:**    CALIFORNIA

CV 08 1127 MHP (PR)

## PETITION

1. Name and location of court which entered the judgment of conviction under attack **Fesno, Fresno County California**

2. Date of judgment of conviction    **4-6-84**

3. Length of sentence    **15 Years to Life #1**

4. Nature of offense involved (all counts)    **2nd. Degree Murder with the uses of a deadly Weapon.**

5. What was your plea?  (Check one)
   (a) Not guilty          ☒
   (b) Guilty              ☐
   (c) Nolo contendere     ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   **Not guilty by reason of self-defence. But there was not one jury instruction issued about self-defence.The Trial transcripts are sealed because petitioner tried to fire counsel because of this.**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          ☒
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☒          No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒          No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court FRESNO COURT OF APPEALS   or SACRAMENTO   ? not sure wich

(b) Result Denied                                                                                          N/A

(c) Date of result and citation, if known 1986 ?

(d) Grounds raised Some minor miswording of jury instructions

                                                                                                         N/A

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court Could Not (Can not get trial transcripts)

(2) Result                                                                                               N/A

(3) Date of result and citation, if known                                                                N/A

(4) Grounds raised                                                                                       N/A

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court                                                                                        N/A

(2) Result                                                                                               N/A

(3) Date of result and citation, if known                                                                N/A

(4) Grounds raised                                                                                       N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒        No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court Los Angeles County Supreme Court ( Common Law Venue)

(2) Nature of proceeding Tring to get trial transcripts . Filed By Second Party
                         (Denied)

(3) Grounds raised I do not understand the petition let alone the grounds.
                   (see attachments)

(3)

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result _____ Denied

(6) Date of result _____ ? 1985 ? - 1986 ?

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____ N/A

(2) Nature of proceeding _____ N/A

(3) Grounds raised _____ N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☐

(5) Result _____ N/A

(6) Date of result _____ N/A

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐    No ☒
(2) Second petition, etc.       Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Petitioner was not able to appeal to the next court. Petitioner was

Denied access to trial transcripts to be able to proceed.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
   Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.  Ground one: Petitioner believes that his Constitional Right's are in Violation, By Failure of Due Process (See Eighth & Forteenth Amendments

Supporting FACTS (state *briefly* without citing cases or law) This petitioner was sentenced by the Fresno County Superior Court in April of 1984. His minimum eligible parole date was 6-5-94, Earlist minimum eligible parole date was 4-11-94. Petitioners maximum parole date was 6-5-2000.

If this petitioner had been sentenced to 25 years to life, his minimum eligible parole date would have been 6-5-2001, His maximum parole date would be 6-5-2008. But as of May 31, 2006, His minimum eligible (See Attachment pages

B.  Ground two: Petitioner believes his Constitional Right's are in violation by Failure of Due Process (See Eighth & Forteenth Amendments). And Failure to prove "Some Evidence"

Supporting FACTS (state *briefly* without citing cases or law) A. On line 7 of page 2 5/31/06 (BPH) Decision. But certainly the gravity of the offence. (B). On line 8 thru 9, page 2 5/31/06 (BPH) Decision. In the regard this offence was carried out in an especially violent and brutal manner.

(C). On line 10 thru 12 page 2 5/31/06 (BPH) Decision. The victim was abused, mutilated and that he was stabbed 11 times.

(D). On line 12 thru 14 page 2 5/31/06 (BPH) Decision. The offence was

(See Attachment)

(5)

Attachment
Supporting Facts
Grounds One

parole date is Sept. 28, 2010. That is when his next (BPH) is,

and that is if he was released the same day of the board hearing

The (BPH) is still behind a year or more on parole hear-

ings.

All of these facts are supported By this petitioners

C-File and Institutional Records and Files.

This Petitioner also believes this constitutes cruel and

unusual punishment.

Cont. Attachments Two
Supporting Facts                    (Pg. 1)
Grounds Two

1   carried out in a manner, which certainly demonstrates an ex-

2   ceptional callous disregard for human suffering.

3        (E). On line 15 thru 16 page 2 5/31/06 (BPH) Decision.

4   The motive of the crime was very trivial in relation to the

5   actual offence.

6        The Panel members do not have the trial transcripts, So

7   the (BPH) can not "Show Some Evidence" when they do not have the

8   True Facts. What the (BPH) are trying to read into the Board

9   Hearings as facts are. (1) A probation report that was written

10  by a probation officer useing prosecution notes to write what he

11  beleives happen.(2) Appellent briefs done by the Attorney Gene-

12  ral, To argue against petitioners first level appeal. Which was

13  taken from that same probation report. (3) Or appellant decision,

14  The (BPH) could not deside which report they were going to use;

15  In every (BPH) they used a different version. Sense the tran-

16  scripts are sealed NO ONE has the real facts.

17        The petitioner was found guilty of 2nd. Degree Murder,

18  Because the jury found that the petitioner had the "Intent to

19  Kill".This is inline with the petitioners version of what happen

20  with the petitioners Plea of not guilty by reason of Self-Defence

21  And with No jury instructions about self-defence, and the petit-

22  ioner was not qualified for "Involuntary Man-Slaughter" or "Vol-

23  untary Man Slaughter." The jury even came back to be reread the

24  jury instructions about Voluntary Man slaughter. But this only

25  left 2nd. Degree Murder.

26        The petitioner has been unsuccessful at aquiring his

27  transcripts, The Fresno Countey Superior Court will not unseal

28  them. The petitioner tried to fire his criminal attorney, on the

CONT.

Cont. Attachment Two
Supporting Facts                    (Pg.2)
Grounds Two

basis of inadequate counsel. The Trial Judge told the petitioner
that they were not going to reopen the trial if a new attorney
was appointed, The petitioner would only get a new attorney for
jury instructions. Then he ordered those transcripts sealed,but
the whole trial ended up being sealed.

Line 18 page 3 (BPH) Decision 5/31/06, thru to line 26
page 4 (BPH) Decision 5/31/06. The petitioner had an escalating
pattern of criminal conduct, which starts as a juvenile record
on May of 1974. The only adult criminal history of the petition-
ers, Is one petty theft and a burglary that was a shop-lifting
of a leather sports blazer. The (BPH) described petitioners past
charges, However (BPH) failed to indicate that these crimes were
not violent crimes against people. And they cited aledged crimes
that never went to trial.

The (BPH) stated that the psychologial report was unfav-
erable. Line 24 page 5 (BPH) Decision 5/31/06 done on May 12,06.
That in a controled setting, that petitioners estimated violence
risk would be low to moderate at this time. If released into the
community, his violence potential would essentialy be unpredict-
able because of the discrepancy between his version of what hap-
pen and the version on the official record.

The PSYCH. is baseing these conclusions on same pre- al
viously flawed and inaccurate reports that the (BPH) are using.
The PSYCH. even told the petitioner that he could never get a
faverable PSYCH. report because of the discrepancy's. There is
no official record available.

It does not matter what the PSYCH., CDCR, or the (BPH)
believes. The Fresno Countey Superior Court  could not prove
CONT.

Cont. Attachmet Two
Supporting Facts                    (Pg. 3)
Grounds Two

1   First Degree Murder, Thus the petitioner was found guilty of

2   Second Degree Murder. So why is the petitioner being treated as

3   if he had a First Degree Murder.

4       The (BPH) is dening parole for four years to the Petit-

5   ioner because of two 115's (Displenary Violations), That were

6   administrative, For smoking on the tier in 2002 & 2003. And a

7   115 for mutual combat in 2000 (Befor Previous Board).Where pet-

8   itioner spoke-up to an aggressive inmate, to keep him from ass-

9   aulting two other elderly inmates. Then he was attacked from be-

10  hind and beaten up. Petitioner was the victim and unable to de-

11  fend himself. But sense the petitioner said something to the

12  inmate, He was found guilty of mutual combat. These Violations &

13  do not prove that he is threat to public safty. The petitioners

14  ageing process and maturing has helped him to cope and respond

15  to conflicts in a more peaseful and adult manner.

16      Sense there are no trial transcripts, There is no way

17  that the (BPH) is using facts of the case to prove Some Evidence,

18  And after 24 years, These are all unchangeable factors, thats

19  been used in all of the (BPHs)(Four) For consideration for

20  parole.

21  2 year denile,5 year denile+1 year because of back log, 4 year

22  denile+ 1 year for back log, 4 year denile 2010 = 27 years, 17

23  years of deniles which is longer than the petitioners sentence.

24

25

26

27                                        i

28

AO 241 (Rev. 5/85)

C.  Ground three: This petitioner believes his Constitutional Right's are in Violation by failure of Due Process. And is being subjected to a Double Jeopardy Violation.

Supporting FACTS (state *briefly* without citing cases or law) The one 3042 notice that was responded to, was from the Countey of Fresno's District Attorney's office.( James Sanderson) Reasons for opposing parole.

Line 13 thru 19 page 25 5/31/06 (BPH) Decision. The lack of insight into the underlying reason for the crime. The most recent psychological evaluation completed in May of 06, Which assesses the inmates risk as being unpredictable due to his continued denile of his lifer CONT.

D.  Ground four: The Board of Prison Hearings (BPH) has failed to support it's denile of parole with "Some Evidence".Thus violating petitioners Due Process Right's.

Supporting FACTS (state *briefly* without citing cases or law) The (BPH) cites that the petitioner had a unstable social history. But that was when petitioner was a juvenile, where he did not get along with most of his family, because of child abuse and neglect (Physically & Mentally). But sense has maintained a decent relationship with others, and has kept good relationship with his mother.

The (BPH) is trying to use and apply a childs social history to CONT.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:
(a)   At preliminary hearing  N/A

(b)   At arraignment and plea  N/A

Cont. Attachments
Supporting Facts                    (pg. 1)
Grounds Three

1    crime.

2         The District Attorney's office must not read the trial

3    transcripts. This petitioner has never denied that he killed

4    this man. Or the District Attorney's office is trying to make

5    this petitioner change his Plea or Testimony. Or they are finding

6    the petitioner guilty of a higher crime, when there is no evi-

7    dence to support that finding.

8         The (BPH's) continual deniles of parole, using the Dis-

9    trict Attorney's Responce to the 3042 notice constitues Double

10   Jeopardy by this petitioner. The (BPH) and the District Attorney

11   are finding the petitioner guilty of a higher crime and imposing

12   the penalties of the higher crime.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cont. Attachment Four
Supporting Facts                    (Pg. 1)
Grounds Four

1    a 43 year old man.

2        The (BPH) cites that the psychological report states

3    that the petitioner shows remorse to the degree, that he wishs

4    that it did not happen.

5        The petitioner has alway's taken responsibility for what

6    he did. And the petitioner has alway's said that he is sorry

7    that the man died, and that he wishs that there was a way for it

8    to not have happen.

9        But (BPH) is wanting the petitioner to say that he was

10   wrong, and that he will never do some thing like it again, When

11   the petitioner does not believe that he was in the wrong to de-

12   fend himself. ( NO COURT has proved that he was not defending

13   himself. They just proved that the petitioner had the intent to

14   kill). The California Constitution and the U.S. Constitution

15   bolth state that the petitioner has the Right to defend himself.

16       There was also signficant stress in the petitioners life.

17   And that had built up over a long period of time. The petitioner

18   had been living on the streets trying to find work so he did not

19   have to worry about where his next meal was coming from, or where

20   was he going to sleep at night. The petitioner viewed the victim

21   as another person that was threatening to abuse him physically

22   and menally, and that the victim came at the petitioner in a sex-

23   ual way.( And that there appears to have been some sexual abuse

24   done to the petitioner when he was a juvenile.) Cited in the Psy-

25   chological report, Dated May 12,05. proves that there was con-

26   siderable stress at the time of the crime. And it appears that

27   the criminal behavior was the result of that victimization.

28                                                        CONT.

1  The petitioner does not have a violent criminal history.
2  And the only adult criminal history the petitioner has are two
3  petty theft's for clothing.

4      At the time of the crime, The petitioner had just turned
5  20 years old. The petitioner is now 43 years old, the likelihood
6  that the petitioner would commit a similar crime is unlikly. The
7  petitioners present age reduces the probability of recidivism.

8      The (BPH) cites that the petitioner has unrealistic pa-
9  role plans.

10      The petitioner understands that he has to stay away from
11 criminal activeties, find work and a place of his own to live in
12 Using the utilities and skills that he learned while in prison.

13      The petitioner has learned two trades while in prison,
14 and has three more from befor petitioner came to prison that the
15 (BPH) acknowledges are viable trades. Plus he has worked in oth-
16 er trades and he is a professional artist.

17      The (BPH) cites that the petitioner needs more education
18 and self-help programs.

19      Petitioner has a G.E.D., High School Diploma and some
20 College. So unless (BPH) is going to pay for petitioers book's
21 for more college, petitioner can not continue college classes.
22 Petitioner has A.A. and other programs. He became a Ordained
23 Minister, he has also worked on various projects to show that he
24 has tried to better his and others lives, and to be more socialy
25 stable while living and working with others.

26      The petitioner has always had a place to live if released.
27 The first two (BPH's),Petitioner was told that he could not go
28 there, because it was out of state and countey (TEXAS).The next
                                                        CONT.

1   (BPH) petitioner still had the same place, but did not bother

2   trying to bring it up. Then the (BPH) asked the petitioner why

3   he did not have a support letter from his mother to live with

4   her if released. Petitioner told the (BPH),that the two previous

5   hearings the (BPH) said he could not go there to live. And now

6   that there was no letter of support from his mother, they were

7   saying that the petitioner could go there possibley.

8          The last (BPH), petitioner had the letter of support

9   from his mother, stating that the petitioner would alway's have

10  a place there , To Parole To. But (BPH) cited that the letter

11  was lasped. Which was the (BPH's) falt, There the ones that took

12  the petitioner to his (BPH) a year late.(Which happen the pre-

13  vious (BPH'S) to.) Plus its not like the (CDCR),(BPH) are going

14  to release the petitioner, without contacting  petitioners

15  mother to comferm the support letter.

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 241 (Rev. 5/85)

(c) At trial N/A

(d) At sentencing N/A

(e) On appeal N/A

(f) In any post-conviction proceeding N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
Yes ☐        No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐      No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐        No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____N/A_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_1-14-08_
(date)

_Charles Davis_
Signature of Petitioner

(7)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Sacramento Clerk's Office
501 "I" Street , Suite 4−200
Sacramento, CA 95814
916−930−4000

Fresno Clerk's Office
2500 Tulare Street , Suite 1501
Fresno, CA 93721
559−499−5600

**January 23, 2008**

**Case Number:  1:08−CV−00107−LJO−TAG**

**Case Title:     CHARLES E DAVIS,              vs.  B CURRY,**

**Dear Litigant,**

   You are hereby notified that the above case number has been assigned to your
action.  You are to include it on all correspondence (e.g., letters, filings, and inquiries)
sent to the court. Failure to do so results in delayed processing of your documents.

         All matters in this action shall be sent to the following address until further notice:

**Office of the Clerk**
**United States District Court**
**Eastern District of California**
**2500 Tulare Street , Suite 1501**
**Fresno, CA 93721**

   For timely processing of your filings or correspondence, please comply with our
Local Rules of Court, in particular:

   **Local Rule 5−133 (modified)** You are **not** required to send this court an original plus one copy of all
documents submitted for filing (e.g., pleadings, motions, correspondence, etc.).  You are **only**
required to send this court the original for filing.  **No** extra copies are required. **However,** if you
desire to receive a conformed copy for your records, you must send the original **plus** one (1) copy **and**
a pre−addressed postage−paid envelope for us to return your copy to you.

   **Local Rules 30−250, 33−250, 34−250 and 36−250** Discovery requests or responses
should not be submitted to the court unless they are relevant and necessary to support or
oppose a motion at issue before the court.

   **Local Rule 5−135** Once the defendant(s) have served a responsive pleading, you are
under an ongoing duty to serve them with copies of all documents you submitted to the court.
A proof of service shall be attached to the original of any document lodged or filed with the
court, showing the date, manner and place of service.  A sample proof of service is
attached.

**Local Rule 7-130 (modified)** Documents submitted to this court may be either typewritten **or** handwritten but **must** be legible, and writing shall be on one (1) side of the page **only**.

**Local Rule 7-132** Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page.

**Local Rules 83-182** Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective. A sample Notice of Change of Address form is attached.

**Other Provisions:**
  A complete copy of the Local Rules should be available in the prison library.   We do not provide individual copies to litigants.

**Request for Case Status** The court will notify you as soon as any action is taken in your case.   Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive **all** court decisions which might affect the status of your case.

**Copy Work** The Clerk's Office does not provide copies of documents to parties. Copies of documents may be obtained from the Attorney's Diversified Service (ADS) by writing to them at: 741 N. Fulton Street, Fresno CA 93728, or by phoning 800-842-2695. The court will provide copies of docket sheets at $0.50 per page.   Note: In Forma Pauperis status does not include the cost of copies.

**Proposed Orders** Parties are not required to submit a proposed order when filing a motion. If a proposed order is submitted, the court may disregard the order and prepare its own order.

  As noted, the requirements set forth in Local Rule 5-135 and 7-130 have been modified in this letter. These modifications apply to civil rights and habeas cases filed in the Fresno Division of the Eastern District of California by prisoners proceeding pro se (without counsel).

> **Victoria C. Minor**
> **Clerk of Court**
> **United States District Court**
>
> by: _/s/ T. Lundstrom_
>
> **Deputy Clerk**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

_____

v.                                                    **Case Number:**

_____

                                                      **PROOF OF SERVICE**

_____ /

   **I hereby certify that on** _____**, I served a copy**

**of the attached** _____,

**by placing a copy in a postage paid envelope addressed to the person(s) hereinafter**

**listed, by depositing said envelope in the United States Mail at**

_____ **:**

**(List Name and Address of Each**
**Defendant or Attorney Served)**

       **I declare under penalty of perjury that the foregoing is true and correct.**

                         _____

                         **(Signature of Person Completing Service)**

Name:_____

I.D. #:_____

Address _____

_____

_____


## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA


_____
(Plaintiff/Petitioner)

v.                                              **Case Number:**

_____
(Defendant(s)/Respondent)

**NOTICE OF CHANGE
OF ADDRESS**

_____  /


**PLEASE TAKE NOTICE THAT (print name)**    _____

**hereby submits a notice of change of address in the above – entitled case as follows:**


**OLD ADDRESS:**    _____

_____


**NEW ADDRESS:**    _____

_____


DATED: _____    _____

**Signature of Plaintiff/Petitioner**

**YOU MUST FILE AN ORIGINAL CHANGE OF ADDRESS
FORM IN EACH OF YOUR OPEN CASES**

## NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE

## TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73–305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk

501 I Street, Room 4–200

Sacramento, CA 95814

Office of the Clerk

2500 Tulare Street , Suite 1501

Fresno, CA 93721

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

<u>**CHARLES E DAVIS,**</u>
   Plaintiff(s)/Petitioner(s),

vs.

         CASE NO. <u>**1:08−CV−00107−LJO−TAG**</u>

<u>**B CURRY,**</u>
   Defendant(s)/Respondents(s).

---

**IMPORTANT**
**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐    <u>**CONSENT**</u> **TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

   In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

   Date: _____      Signature: _____

                     Print Name: _____
                         ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
                     ( ) Counsel for * _____

---

☐    <u>**DECLINE**</u> **OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

   Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

   Date: _____      Signature: _____

                     Print Name: _____
                         ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
                     ( ) Counsel for * _____

---

***If representing more than one party, counsel must indicate name of each party responding.**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**FILED**

FEB 0 1 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**CHARLES E DAVIS,**

Plaintiff(s)/Petitioner(s),

vs.

CASE NO. 1:08–CV–00107–LJO–TAG

**B CURRY,**

Defendant(s)/Respondents(s).

---

**IMPORTANT:** IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.

---

☒ **CONSENT TO JURISDICTION OF
UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: __1-29-08__    Signature: _Charles Davis_

Print Name: __Charles E. Davis JR.__
(X) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for * _PRO * PRE_

---

☐ **DECLINE OF JURISDICTION OF
UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____    Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for * _____

---

*If representing more than one party, counsel must indicate name of each party responding.*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

CHARLES E. DAVIS

v.

Case Number: 1:08-CV-00107-LJO-TAG

B. CURRY (A) WARDEN

**PROOF OF SERVICE**

/

I hereby certify that on ___1/29/08___, I served a copy

of the attached ___CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE___

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at
CALIFORNIA TRAINING FACILITY
SOLEDAD CA. STATE PRISON

(List Name and Address of Each
Defendant or Attorney Served)

I declare under penalty of perjury that the foregoing is true and correct.

*Charles Davis*

**(Signature of Person Completing Service)**