UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. DAVIS, JR., | No. C 08-1127 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| B. CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Charles E. Davis, Jr., an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Davis was convicted in Fresno County Superior Court of second degree murder and was found to have used a deadly weapon in the commission of the offense. He was sentenced in 1984 to a term of 15 years to life plus one year in prison. His petition does not challenge his conviction but instead challenges a May 31, 2006 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. Davis apparently filed an unsuccessful habeas petition in the California Supreme Court before filing this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Davis alleges four claims in his petition. First, he appears to allege that his rights to be free from cruel and unusual punishment and to due process are being violated because he is being kept in prison beyond his minimum eligible parole date and the BPH is a year behind schedule on parole hearings. This claim is dismissed. Because Davis has not been found suitable for parole, he was not entitled to release on his minimum eligible parole date. To the extent he urges that there is a "maximum parole date," he has no legal support for this assertion; he has not identified any California law that provides that an inmate with an indeterminate life sentence actually has a date on which he must be paroled. The alleged delay in the scheduling of parole suitability hearings does not state a habeas claim under the Eighth Amendment or Due Process Clause; any delay did not affect the duration of Davis' incarceration because he was found not suitable for parole.

Second, he alleges that his right to due process was violated because there was a "failure to prove 'some evidence.'" Petition, p. 5. Part of this claim is cognizable and part is not. Insofar as Davis is asserting a claim that the evidence was insufficient to support the decision that he was not suitable for parole, the claim is cognizable. However, he also appears to urge that the absence of his trial transcript meant that there was insufficient evidence regarding the facts of the crime, and that the probation report could not suffice to

2

prove the facts. This contention fails because the "some evidence" standard that applies to parole suitability decisions is very low and requires only that there be some evidence – which a probation report describing a crime could be – in the record to support the decision reached. See Superintendent v. Hill, 472 U.S. 445, 454-455 (1985). It is not necessary for the trial transcript to be made available to, or be read by, the BPH for it to make assessments about the nature of the commitment offense.

Third, Davis alleges that his right to be free from double jeopardy was violated by the BPH's reliance on the district attorney's statements in opposition to parole that apparently suggested his crime was more serious than Davis would admit. This claim has no legal merit because a denial of parole is not punishment for double jeopardy purposes. See Alessi v. Quinlan, 711 F.2d 497, 501 (2d Cir. 1983) (denial of parole "is neither the imposition nor the increase of a sentence, and it is not punishment for purposes of the Double Jeopardy Clause. . . "). Davis' sentence on his second degree murder conviction was 15-to-life and the BPH has not increased the punishment beyond that set when he was sentenced. This claim is dismissed.

Fourth, Davis argues the evidence, attempting to show that there was not some evidence to support the decision. This is further argument on the second claim mentioned above and not a separate claim. The insufficiency of the evidence claim is cognizable as a claim for a violation of Davis' right to due process. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

**CONCLUSION**

For the foregoing reasons,

1. The petition's due process claim based on the alleged insufficiency of the evidence is cognizable and warrants a response from respondent.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the

3

1  State of California.  The clerk shall also serve a copy of this order on petitioner.

2      3.    Respondent must file and serve upon petitioner, on or before **September 26,
3  2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254
4  Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must
5  file with the answer a copy of all portions of the parole hearing record that have been
6  previously transcribed and that are relevant to a determination of the issues presented by the
7  petition.

8      4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse
9  with the court and serving it on respondent on or before **October 31, 2008**.

10      5.    Petitioner is responsible for prosecuting this case.  He must keep the court
11  informed of any change of address and must comply with the court's orders in a timely
12  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
13  pursuant to Federal Rule of Civil Procedure 41(b).

14      IT IS SO ORDERED.

15  DATED:  July 23, 2008

                                                Marilyn Hall Patel
16                                                  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


CHARLES E DAVIS JR,

        Plaintiff,

  v.

B CURRY et al,

        Defendant.
   /

Case Number: CV08-01127 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Charles E. Davis C-84309
California Training Facility (686)
P.O. Box 686
Soledad, CA 93960-0686

Dated: July 25, 2008

                                    Richard W. Wieking, Clerk
                                    By: Anthony Bowser, Deputy Clerk