**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. DAVIS, JR., | No. C 08-1127 MHP (pr) |
| Petitioner, | **ORDER DENYING HABEAS PETITION** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he claimed that a decision by the Board of Parole Hearings to find him not suitable for parole violated his right to due process because it was not supported by sufficient evidence. A new decision from the U.S. Supreme Court requires that the petition be summarily denied.

A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Swarthout v. Cooke, No. 10-333, slip op. 1, 4 (U.S. Jan. 24, 2011) (citations omitted.) The court may not grant habeas relief for state law errors. Id.

For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. The procedural protections to which the prisoner is entitled under the Due Process Clause of the

1  Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and
2  a statement of the reasons why parole was denied.  <u>See</u> <u>id.</u> at 4-5.  The Court explained that
3  no Supreme Court case "supports converting California's 'some evidence' rule into a
4  substantive federal requirement," <u>id.</u> at 5, and the Ninth Circuit erred in holding otherwise.
5       In light of the Supreme Court's determination that the constitutionally-mandated
6  procedural protections do not include a requirement that there be some evidence (or any
7  other amount of evidence) to support the parole denial, the petition for writ of habeas corpus
8  is DENIED.
9       A certificate of appealability will not issue because petitioner has not made "a
10 substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This is
11 not a case in which "reasonable jurists would find the district court's assessment of the
12 constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).
13      IT IS SO ORDERED.
14 DATED:   January 26, 2011

Marilyn Hall Patel
United States District Judge